UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| TURBINE POWERED TECHNOLOGY, LLC | CASE NO.: 6:19-CV-00475 |
| VERSUS | JUDGE DOUGHTY |
| DAVID CROWE, ET AL | MAGISTRATE JUDGE WHITEHURST |

▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪

### MEMORANDUM IN SUPPORT OF MOTION FOR REMAND AND/OR ABSTENTION ON BEHALF OF PLAINTIFF, TURBINE POWERED TECHNOLOGY, LLC

Respectfully submitted:

THE PANAGIOTIS FIRM

*s/D.C. Panagiotis*

D.C. PANAGIOTIS (#15032)
1540 W. Pinhook Rd.
Lafayette, LA 70503
(337) 264-1516
**Counsel for Turbine Powered
Technology, LLC**

## TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................. i

TABLE OF AUTHORITIES AND CITATIONS....................................... iii

MEMORANDUM IN OPPOSITION TO MOTION TO REASSIGN CASE............... 1

FACTUAL AND PROCEDURAL BACKGROUND...................................... 2

    1. Original State Petition........................................................ 2

    2.  Preliminary Injunction ............................................... 3

    3.  Exceptions and Motion to Dissolve Preliminary Injunction.................. 3

    4.  Fist Collateral Attack WDLA 17-0386 .................................5

    5.  Second Collateral Attack WDLA 17-0510 .............................. 6

    6.  No. 130379/USDC WDLA 17-0801 ........................................ 6

    7.  Third Collateral Attack SDTX/WDLA .................................7

    8.  Consolidation........................................................ 8

    9.  Remand ............................................................. 9

    10.  All Other Federal Cases Stayed........................................ 11

    11.  Public Reprimand of Defense Counsel.................................. 12

    12.  Case No. 130379 After Remand ........................................ 12

    13.  Second Removal ..................................................... 15

i

LAW AND ARGUMENT .................................................................16

    A.  Limited Jurisdiction ..........................................................16

    B. Contempt Proceedings are not Removable  ...........................17

    C.  The *Rooker-Feldman* Doctrine Applies to the Preliminary
    Injunction in Dispute and therefore this Court Lacks Subject
    Matter Jurisdiction to Re-litigate that Issue ........................19

    D. Mandatory Abstention.......................................................22

    E. Discretionary Abstention and Equitable Remand ................25

    F. Crowe is in Bad Faith .......................................................31

CONCLUSION ........................................................................34

CERTIFICATE OF SERVICE ....................................................35

ii

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

TURBINE POWERED TECHNOLOGY, LLC    CASE NO.: 6:19-CV-00475

VERSUS    JUDGE DOUGHTY

DAVID CROWE, ET AL    MAGISTRATE JUDGE WHITEHURST

▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪

## TABLE OF CITATIONS AND AUTHORITIES

### Citations:

*AMCAT Global, Inc. v. Yonaty*, 192 F. Supp. 3d 308, 313 (NDNY) ......................18

*Asher v. A. G. Edwards & Sons*, 272 Fed. Appx. 357, 358 (5th Cir. 2008) ............18

*Beiser v. Weyler*, 284 F.3d 665, 675 (5th Cir. 2002) ............................................16

*Bell v. Valdez*, 207 F. 3d 657 (5th Cir. 2000) ..........................................................19

*Brookshire Bros. Holding, Inc. v. Dayco Prods., Inc.*, 554 F.3d 595, 602
(5th Cir. 2009) ..........................................................................................................16

*Broyles v. US Gypsum Company*, 266 BR 778, 782 (E.D. Tex. 2001) ......22-24, 26

*Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 350, 108 S.Ct. 614,
98 L.Ed.2d 720 (1988) .............................................................................................16

*Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996) ....................................................16

*DC Court of Appeals v. Feldman*, 460 U.S. 462, 103 S. Ct. 1303,
75 L. Ed. 2d 206 (1983) ........................................................................................    19

*Enochs v. Lampasas County*, 641 F.3d 155, 161 (5th Cir. 2011) ...........................16

*Exxon Mobil Corp. v. Sowdy Basic Industrial Corp.*, 544 U.S. 280,
284, 124 S. Ct. 1517, 161 L. Ed. 2d 454 (2005) .................................................19-20

iii

*Gasu v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) .......................................... 16

*Granny Goose Foods, Inc. v. Brotherhood of Teamsters Local 70*,
415 U.S. 423, 436, 94 S. Ct. 1113, 39 L. Ed. 2d 435 (1974) ..................................... 21

*Grouppo Formstar, LLC v. FM Forrest, Inc.*, 587 BR 891, 910-11
(S.D. Tex. 2018) ....................................................................................................... 19

*Hale v. Harney*, 786 F. 2d 688, 691 (5th Cir. 1986) ................................................ 19

*Hart v. Kanady*, 2009 U.S. Dist. Lexis 107001;
2009 W.L. 3856668 (S.D. Tex. 11/17/2009) .............................................................. 18

*Houston v. Queen*, 606 Fed. Appx 725, 730 (5th Cir. 2015) ................................... 20

*In Re:  Dingley*, 852 F. 3d 1143, 1147-48 (9th Cir. 2017) ........................................ 19

*In Re: Gober*, 100 F. 3d 1195, 1206 (5th Cir. 1996) ................................................ 25

*In Re:  Laguna Associates*, 30 F. 3d 734, 737 (6th Cir. 1994) .......................... 31, 33

*In Re:  OCA, Inc.*, 551 F. 3d 359, 367, (5th Cir. 2008) ............................................ 23

*In Re: Southmark Corp.*, 163 F. 3d 925, 929 (5th Cir. 1999) ........................... 22, 26

*In Re: Wood*, 825 F. 2d 90, 97 (5th Cir. 1987) .................................................. 23, 25

*Judice v. Vail*, 430 U.S. 327, 338, 97 S. Ct. 1211,
51 L. Ed. 2d 376 (1977) ............................................................................................. 17

*Landry v. Exxon Pipeline Company*, 260 BR 769 (M.D. La. 2001) ...................... 30

*Morris v. Wells Fargo Bank*, 677 Fed. Appx. 955, 957 (5th Cir. 2017) ................. 19

*Northern Pipeline Construction Company v. Marathon Pipeline Company*,
458 U.S. 50, 102 S. Ct. 2858, 73 L. Ed. 2d 598 (1982) ........................................... 24

*Oakwood Shopping Center, Ltd. v. Villa Enterprises of Midwest, Inc.*,
2011 U.S. Lexis 86337; 2011 W.L. 3350402 (E.D. La. 2011) .................................. 30

*Parmalat Capital Finance, Ltd. v. Bank of America Corp*,
639 F. 3d 572, 582 (2d Cir. 2011) ............................................................................. 25

*Patterson v. Morris*, 337 BR 82, 99 (E.D. La. 2006).............................................. 30

*Rooker v. Fid. Tr. Co.*, 263 U.S. 413, 44 S. Ct. 149, 68 L. Ed. 362 (1923) ............. 19

*Savell v. Southern Railway Company*, 93 F. 2d 377, 379 (5th Cir. 1937).............. 21

*S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F. 3d 489, 492 (5th Cir. 1996) ................... 17

*St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-90 (1938)........ 16

*Technical Automation Services Corp. v. Liberty Surplus Insurance Corp.*,
673 F 3d 399, 405 (5th Cir. 2012) ........................................................................ 19

*Thomas v. RJ Reynolds Tobacco Company*, 259 BR 571, 575
 (S.D. Miss. 2001)................................................................................................22-23

*Town of Lantana v. Hopper*, 102 F.2d 118, (5th Cir. 1939)................................. 16

*Union Planters Bank National Assoc. v. Salih*, 369 F. 3d 457, 462
(5th Cir. 2004) ...................................................................................................... 22

*United Mine Workers v. Gibbs*, 383 U.S. 715, 727, 86 S.Ct. 1130,
16 L.Ed.2d 218 (1966) .......................................................................................... 16

*WRT Creditors Liquidation Trust v. CIBC Oppenheimer Corp.*,
75 F. Supp. 2d 596, 609-611 (S.D. Tex. 1999) ...................................................... 24

*Younger*, 401 U.S. at 44 ....................................................................................... 25

*Zeeco, Inc. v. JP Morgan Chase Bank, N.A.*, 2017 U.S. Dist. Lexis 211158;
217 W.L. 6539504 (N.D. Okla. 12/21/2017)............................................................18

## Authorities:

*Younger* Abstention Doctrine.................................................................................1, 17

*Rooker-Feldman* Doctrine ...................................................................... 1, 19, 20, 22

Louisiana Uniform Trade Secrets Act ...................................................................... 2

Unfair Trade Practices Acts  ..............................................................................2, 5

28 USC § 1292(a)(1) ................................................................. 10

RS 51:1401 ............................................................................ 13

CCP Art. 863 ......................................................................... 14

La. Code of Civil P. Art. 3611.................................................. 18

11 USC § 362(b)(4) ................................................................. 18

28 USC § 1450 ....................................................................... 21

28 USC § 1334 ................................................................. 22, 26

28 USC § 1452(b) ................................................................... 26

28 USC § 1334(c)(2) ......................................................... 22, 25

28 USC § 1334(b) ............................................................. 23, 28

§ 157(c)(1) ............................................................................ 23

28 USC § 1334(c)(1) ............................................................... 25

11 USC § 362(d)(1) ................................................................ 31

11 USC § 1112(b) ................................................................... 31

28 USC § 1452 ................................................................. 23, 31

28 USC § 1452(b) ................................................................... 26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

TURBINE POWERED TECHNOLOGY, LLC     CASE NO.: 6:19-CV-00475

VERSUS     JUDGE DOUGHTY

DAVID CROWE, ET AL     MAGISTRATE JUDGE WHITEHURST

MAY IT PLEASE THE COURT:

     Turbine Powered Technology, LLC (TPT) respectfully asks this Court to remand this case to the 16th JDC for the State of Louisiana in and for the Parish of St. Mary, LA pursuant to the *Younger* Abstention Doctrine and/or *Rooker-Feldman* Doctrine to the extent the defendants are attempting to avoid contempt Orders and contempt proceedings in that Court and also avoid the Preliminary Injunction Order issued by that Court.

     TPT further asks that the Court abstain from hearing this case and equitably remand the case to the 16th JDC on the grounds that state law issues predominate over bankruptcy issues; jurisdiction is predicated on one of eight defendants filing for Chapter 11 bankruptcy; the longstanding litigation in Civil Action No. 130379 in the 16th JDC;  the presence of non-debtor parties comprising most of the defendants; the longstanding delay and contemptible actions of the defendants and; the apparent attempt by the defendants to seek re-litigation of findings and rulings of the state court, resulting in unnecessary delay and burdensome expense to the plaintiff.

## FACTUAL AND PROCEDURAL BACKGROUND[1]

### 1.  Original State Petition

This action was originally initiated by TPT on November 7, 2016 in the 16th JDC

for the Parish of St. Mary, State of Louisiana, Docket No. 130379-F (sometimes referred

to as No. 130379).  The named defendants were David Crowe (Crowe), Kenneth Braccio

(Braccio), Kent Ellsworth (Ellsworth), Arizona Turbine Technology, LLC (AZTT, LLC),

Arizona Turbine Technology, Inc. (AZTT, Inc.), all residents of the state of Arizona,

Advanced Turbine Services, LLC (ATS) and Turbine Integrated Power Systems, LLC

(TIPS), residents of the state of Connecticut and Donald "Danny" Foley (Foley) and

George Jackson (Jackson), residents of the state of Louisiana.[2]

The Original Petition (**Exhibit P-1**) sets forth multiple causes of action under

Louisiana law including breach of contract, bad faith breach of contract, intentional

misrepresentation and/or negligent misrepresentation, detrimental reliance, fraud and

fraud in the inducement, business records theft, breach of fiduciary duty, tortious

interference with a business relationship and violations of the Louisiana Uniform Trade

Secrets Act and Unfair Trade Practices Acts.   No claims are alleged under federal

statutes or law.  An application for Temporary Restraining Order and for Preliminary

Injunction was filed with the Original Petition on that date.  (**Exhibit P-2**).  The Court

executed the Temporary Restraining Order against all of the defendants stating that the

Temporary Restraining Order would be in effect until 9:00 a.m. on January 3, 2017 at

---

[1]  For ease of reference plaintiff has prepared a Timeline of the various cases and Court actions.  That Timeline is attached as Appendix 1.

[2]  Defendants have not yet supplied the state court record to this Court.  In order to promote judicial economy and save resources, plaintiff will cite to Exhibits  P 1-3, 6-8, 11-12 and 14 that were filed in the first improperly removed case, Civil Action 17-0801 and found in Rec. Doc. 18-2 in that matter.  All other exhibits will be attached and denominated by letters.

which time a hearing would be conducted on the Application for Preliminary Injunction (**Exhibit P-3**).

## 2.  Preliminary Injunction

The Preliminary Injunction hearing took place in Franklin, Louisiana on January 3, 2017 resulting in the Court granting the Preliminary Injunction against the Ellsworth, Braccio, AZTT, LLC, AZTT, Inc., ATS, and TIPS.  (**Exhibit P-6**).  Also at that time a Preliminary Default was entered against those same defendants for not appearing in State Court and a hearing was scheduled to confirm the Default Judgment on March 3, 2017.  (**Exhibit P-7**).  That hearing was changed to March 6, 2017 at 9:00 a.m. (**Exhibit P-8**).  Crowe was served with this injunction.  None of the defendants appeared at the hearing.

An Amended Petition was filed by TPT on May 23, 2017 to cure an alleged improper name issue holding up service on Defendant Foley.  (**Exhibit P-11**). Proper service was ultimately obtained on Mr. Foley on June 1, 2017.  (**Exhibit P-12**) .

A Default Judgment has been obtained against Ellsworth. (**Exhibit P-14**).

## 3.  Exceptions and Motion to Dissolve Preliminary Injunction

While the case was pending in State Court, defendants David Crowe, Kenneth Braccio, AZTT, LLC, AZTT, Inc. and ATS filed a Declinatory Exception of Lack of Personal Jurisdiction and a Dilatory Exception of Prematurity.  Defendant Donald I. Foley, Jr. had filed Declinatory Exceptions of Insufficiency of Citation and Service of Process, Dilatory Exceptions of Vagueness or Ambiguity, Improper Cumulation of Actions and Improper Joinder of Actions and Peremptory Exception of No Cause of Action.  These exceptions were originally set to be heard on May 11, 2017, but were upset and continued until June 15, 2017.  In the interim, a Motion to Dissolve Preliminary

Injunction and for Damages was filed on behalf of David Crowe, Kenneth Braccio, AZTT, Inc., ATS and Foley along with a Motion to Bifurcate and Continue the Hearing on Damages. TPT had also filed a Rule to Show Cause why defendants should not be held in Contempt and Motion for Inventory of Assets related to alleged violations of the preliminary injunction.

All of the exceptions and motions were briefed prior to the hearing date. A full day long hearing was held from 9:00 a.m. until after 5:00 p.m. in the 16th JDC before Judge Gregory Aucoin with argument allowed on the Exceptions of Lack of Personal Jurisdiction, Prematurity, Insufficiency of Citation and Service, Exception of Ambiguity or Vagueness, Exception of No Cause of Action, Motion to Bifurcate and Motion to Dissolve Preliminary Injunction. Substantial documentary and testimonial evidence were taken.

Judge Aucoin sustained the Dilatory Exception of Ambiguity or Vagueness and allowed additional time for plaintiff to amend its Petition to cure the ambiguity and state with further specificity its causes of action. The Court denied the Exceptions of Lack of Personal Jurisdiction and Prematurity. The majority of the day was then taken up with defendants' Motion to Dissolve Preliminary Injunction. At the end of the day, Judge Aucoin took that matter "under advisement" and promised the litigants a ruling within 30 days, or by July 15, 2017. Perhaps telegraphing which way it was leaning, the only additional information requested by the Court was a short brief from each party as to the adequacy of the security necessary for the preliminary injunction.

Defendants improperly removed this case from the 16th JDC seven days later on June 22, 2017 in order to avoid the State Court's anticipated ruling.

## 4. First Collateral Attack WDLA 17-0386

After default judgment had been granted against Kent Ellsworth, defendants AZTT, Inc., ATS, Crowe and Braccio, filed a collateral attack in the Western District of Louisiana on March 13, 2017. That case received Docket No. 17-0386 (sometimes referred to as 0386). The suit by those state court defendants, now turned plaintiffs, was against TPT and a sister company, Marine Turbine Technology (MTT) and against Mr. Ted McIntyre (the owner of both companies) personally. That case was assigned to Judge Rebecca F. Doherty and Magistrate Judge Carol B. Whitehurst.

The plaintiffs in 0386 made claims for defamation under Louisiana law, Louisiana Unfair Trade Practices, Defamation under Arizona law and the three claims under Arizona law for unfair competition. All of those Arizona claims were brought specifically against Mr. Ted McIntyre in his personal capacity. As a "catch all", the plaintiffs in that action then alleged a conspiracy against Mr. McIntyre, TPT and MTT in order to make a claim for joint liability "pursuant to the laws of Louisiana and Arizona." A factual commonality between the two cases did arise, however, because the plaintiffs in 0386 were claiming that the plaintiffs in 130379, by virtue of the allegations in that state court suit, were "defaming" them and engaging in other allegedly untoward business practices.

In response, TPT and the other defendants in 0386, filed a Motion for Partial Dismissal because of duplication of claims under Louisiana and Arizona law and a Motion to Stay asserting that if the state court plaintiffs were successful in the 16th JDC, then the allegations of the state court defendants/plaintiffs in 0386 would be moot. (Rec. Doc. 16 in 0386).

In an apparent all out effort to promote their collateral attack, the plaintiffs in 0386 then filed a plethora of pleadings with the Court including Motions for Protective Order, Motions to Compel, Motions for Costs, Motions to Quash, Motion for Leave to File an Amending Complaint and other pleadings that the Court can see from that matter's Docket Sheet.  The Motions for Partial Dismissal and to Stay by TPT were filed on May 23, 2017.

### 5.  Second Collateral Attack
### WDLA 17-0510

While cases 130379 and 0386 were proceeding on parallel tracks, Advanced Turbine Systems, LLC (ATS), filed a Complaint for Damages against TPT claiming breach of contract, unjust enrichment and detrimental reliance under Louisiana law arising from the same contractual relationship that TPT had sued upon in the 16th JDC. This Complaint was filed on April 10, 2017.

At the same time TPT moved for partial dismissal and to stay in 0386, TPT also filed a Motion for Consolidation to consolidate 0510 with 0386 because of the common parties and because all of the claims in 0510 would be moot if the plaintiffs were successful in the original suit filed in the 16th JDC.  Case 0510 was originally assigned to Judge Rebecca F. Doherty and Magistrate Judge Carol B. Whitehurst.

True to form, ATS opposed the Motion for Consolidation apparently seeking to promote as many collateral attacks and fight TPT on as many fronts as possible.

### 6.  No. 130379/USDC WDLA 17-0801

Despite the collateral attacks of 0386 and 0510, the original state court suit continued to be litigated in the 16th JDC.  When the hearing on their exceptions did not go as they expected on June 15, 2017, the same defendants in the above captioned action

sought removal of 130379 to the Western District of Louisiana. The removed case was filed as Docket No. 17-0801 on June 22, 2017. That case, like the previous two, was assigned to the Honorable Rebecca F. Doherty and, this time, initially to Magistrate Judge Patrick J. Hanna. Once it was noticed that Judge Whitehurst was on the previous cases, she was then substituted for Judge Hanna as the Magistrate Judge on the case.

The state court defendants sought removal on the grounds that there was purported federal question jurisdiction regarding patents and alleged diversity jurisdiction. The state court defendants once again filed a plethora of pleadings, including counter-claims and a Motion to Dissolve the Preliminary Injunction entered in state court. TPT advised the Court that it was going to file for remand. Judge Rebecca Doherty denied the Motion to Dissolve Preliminary Injunction as premature on July 17, 2017. TPT's Motion for Remand was filed on July 19, 2017.

Notwithstanding Judge Doherty's Order denying the Motion to Dissolve Preliminary Injunction as being premature, the state court defendants then filed a Motion to Vacate State Court Judgment on July 24, 2017. While that was pending the parties continued to litigate the remand issue.

### 7. Third Collateral Attack
### SDTX/WDLA

Not satisfied with the collateral attacks and the removal of the case in the 16th JDC to the Western District of Louisiana, Crowe, a contractor to a company called Eco-Stim Energy Solutions, Inc. (Eco-Stim), conspired with that company to file suit in the Southern District of Texas, Civil Action No. 17-02531 claiming patent and/or trademark issues on TPT and McIntyre's technology and essentially seeking to avoid the preliminary injunction that had been entered in the 16th JDC. Eco-Stim had been served

7

with a copy of the Preliminary Injunction against its contractor Crowe, AZTT, Inc. and AZTT, LLC and was seeking relief from the SDTX rather than confront the issue in the 16th JDC.

In response to that suit TPT filed a Motion for Partial Dismissal and then ultimately a Motion to Stay on January 15, 2018 based upon the fact that the 16th JDC injunction was in place and that the case in Texas should not move forward until that was adjudicated. The case in Texas was assigned to Judge (now Senior Judge) Nancy Atlas. On February 27, 2018, Judge Atlas found substantial overlap of the case in Texas with the first filed lawsuit in Louisiana and therefore transferred to Texas case to the Western District of Louisiana, Lafayette Division "for decision regarding whether the case should be stayed or consolidated."

The case was transferred to WDLA on February 28, 2018 and received Docket 18-0249. By this time Judge Doherty had taken senior status. The district judge was "unassigned" but the case was assigned to Magistrate Judge Whitehurst.

### 8. Consolidation

With the Motion for Remand filed in 0801, the Court took up the pending motions in 0386 and 0510. On July 24, 2017, Magistrate Judge Whitehurst denied the Motions for Partial Dismissal and/or Stay in 0386 in part as being premature. She determined that a decision on the motions was unnecessary until after the issues in the state court case in the 16th JDC were resolved. Along with that she ordered that 0386 and 0510 be consolidated.

The state court defendants continued to push their collateral attack in 0386 despite the pending Motion to Remand in 0801. Judge Whitehurst then took up the Motion to Compel in 0386 and denied the same. She also denied the Motion to Quash

that had been pending.  The plaintiff/state court defendants then filed an objection to the Court's Order, however, Judge Doherty had retired and by Minute Entry entered on October 5, 2017, was no longer assigned to the cases.

Because the 0386 plaintiffs continued to push for discovery in that case, TPT re-urged its Motion to Stay or Alternatively to Stay Discovery on December 9, 2017, pending the outcome of the Motion for Remand.  That motion was granted on January 17, 2018 by Judge Whitehurst on the grounds that no District Judge had yet been assigned to the case and there was an objection to her previous Order denying the Motion to Compel that must be decided by a District Judge.  The case was stayed pending review by a District Judge and the existing scheduling order was vacated. The consolidated cases of 0386 and 0510 were then reassigned to Judge Drell on May 17, 2018.

### 9. Remand

Again attempting to force the issue in federal court, the state court defendants filed an "Emergency Motion to Transfer or Reassign Case and Dissolve Preliminary Injunction" on February 9, 2018.  In that motion, counsel for defendants essentially threatened the Court with appellate action by stating that if the emergency motion was not decided by February 23, 2018, then counsel would "deem" that the district court was not taking appropriate action and seek mandamus.

Before that alleged "emergency" motion was considered, Judge Whitehurst delivered her Report and Recommendation on the Motion for Remand in 0801, recommending that the motion be granted. (No. 17-0801 Rec. Doc. 55).   After recounting the history of the state court litigation, she noted that removal was to be "strictly construed, and that diversity jurisdiction was lacking."  Next she determined

9

that under the "well pleaded complaint rule" plaintiff had not set forth any federal law claims and as "masters of their complaint" only alleged state court causes of action.

Doubling down on their position regarding the "emergency motion", counsel for defendants again effectively threatened the district court with appellate action by stating on February 15, 2018 that "if the district court does not act on the Emergency Motion by February 23, 2018, this will constitute "refusing to dissolve or modify [and] injunction" under 28 USC § 1292(a)(1). Defendants also objected to the Report and Recommendation of the Magistrate Judge.

In response, TPT pointed out that the federal court in this instance had no jurisdiction to dissolve a state court injunction and that the defendants were in contempt for violating Judge Doherty's Order issued on July 17, 2017 stating that defendants' original Motion to Dissolve Preliminary Injunction may only be re-urged "after resolution" of the Motion to Remand.

Judge Drell was then assigned to 0801 and took up the "emergency motion" filed by the defendants.  He denied the motion for reasons set forth by Judge Doherty in her Order of July 17, 2017.  (No. 17-0801 Rec. Doc. 63).  Further noting defendants' spurious actions, the Court stated:

> However, considering the discourteous and threatening pleadings filed by the attorneys in this motion, the motion's contents may remain for consideration by this Court in contemplation of possible contempt and/or sanctions.  Specifically, the motion was re-filed without permission after Judge Doherty's Order, and further counsel for Crowe, et al, has "threatened" this Court to seek a spurious appeal after counsel frivolously and improperly "deems" a non-ruling by the Court on a specific date as a denial of the motion on its merits.   Counsel should know there is no such deemer provision in any part of Federal Law known to us.

No. 17-0801 Rec. Doc. 63.

Judge Drell next took up the Report and Recommendation of Magistrate Judge Whitehurst on the Motion for Remand.   He determined that the findings and recommendation were "correct under the applicable law" and the Motion for Remand filed by TPT was granted.   The action was remanded to the 16th JDC on February 23, 2018. All other pending motions were dismissed as moot.  No. 17- 0801  Rec. Doc. 64.

## 10.  All Other Federal Cases Stayed

TPT's Motion to Stay the collateral attack originally filed in Texas was granted on August 16, 2018 by Order of Judge Whitehurst. No. 18-0249 Rec. Doc. 63.  The case was also administratively closed at that time.

On September 6, 2018 Judge Drell took up the appeals from the Magistrate Judge's rulings denying the Motion to Compel on the plaintiffs/state defendants in 0386 and the Order of the Magistrate Judge consolidating that case with 0510. The Motion to Compel was granted for the most part and denied in small part with the denial limited solely to an in-camera review of the homeowner's insurance policy of Ted McIntyre. Next Judge Drell found that there was no abuse of discretion in ordering consolidation at this point.  The court stated:

> "Being familiar with the complexities of this multiple litigation, we find that consolidation especially embraces conservation of judicial resources, and important commodity in this district." No. 17-0386 Rec. Doc. 94.

TPT's re-urged Motion to Stay was granted on September 17, 2018. Thus cases 0386 and 0510 were under stay order when reassigned to Judge Summerhays on September 28, 2018.  Nothing further has occurred in those consolidated cases since that time.

With regard to No. 0249, Judge Drell was assigned to the case on May 17, 2018 and to this date remains assigned to that stayed and administratively closed matter.

## 11. Public Reprimand of Defense Counsel

On March 7, 2018 Judge Drell issued an Order commanding counsel for defendants to appear and show cause why they should not be sanctioned for threats communicated to the Court and Court personnel, to use a "deemed assumption" and threat of a "bogus appeal" to intimidate the Court. No. 17-0801 Rec. Doc. 67. That show cause hearing was held on May 15, 2018 in Alexandria, LA. A certified transcript of the proceedings has been prepared. A copy of that can be made available to the Court if necessary. That transcript will show that Judge Drell had meticulously studied the various litigations and the actions of defendants' counsel in order to recount various inappropriate procedural actions and personal actions taken by counsel to inappropriately influence the Court. The Court issued a verbal admonition to counsel for defendant under Rule 11 based upon the finding that his conduct in the case failed to conform to the standards of care and professionalism expected of attorneys admitted to practice in the Western District of Louisiana. No. 17-0801 Rec. Doc. 84. The Court declined to report the instances of substandard conduct to the Office of Disciplinary Counsel, but advised defense counsel that such course of action would likely follow any future occurrence of misconduct. *Id.* To the extent the Court retained jurisdiction for any future conduct on the part of defense counsel, Judge Drell remains assigned to case 0801.

## 12. Case No. 130379 After Remand

Once the original state court proceeding was remanded to the 16th JDC, the Court issued a Judgment on the various rules to show cause that had previously been heard in June, 2017. That Judgment was issued on March 2, 2018.

TPT then moved for contempt against defendants David Crowe, Arizona Turbine Technology, Inc., Arizona Turbine Technology, LLC, Turbine Integrated Power Systems, LLC, Advanced Turbine Systems, LLC and Kenneth Braccio on the grounds that they were continuing to do business in violation of the Court's Preliminary Injunction. That matter came on for hearing before Judge Aucoin in St. Mary Parish on March 26, 2018.

The Motion for Contempt was granted by Order on April 9, 2018 with the issue of damages reserved for additional briefing. The Court specifically found the aforementioned defendants in contempt for violating the Court's Preliminary Injunction. The Court had also formally denied the defendants' Motion to Dissolve Preliminary Injunction one week earlier, based upon reasons for judgment issued while the case had been removed to federal court. The Court cleared up any confusion regarding its reasons for judgment by reissuing them with its Judgment on April 2, 2018.

The defendants sought writs to the First Circuit Court of Appeal. Those writs remain pending. Defendants then filed a Motion to Stay the district court action and the Preliminary Injunction pending the appeal. This was denied by Judge Aucoin on July 11, 2018.

On July 16, 2018 the Attorney General of the State of Louisiana issued a "Notice of RS 51:1401 Complaint" regarding unfair trade practices to all of the defendants in the state court action.

In the meantime the procedural hijinks by defendants continued. On June 28, 2018 Judge Aucoin heard a Motion for Sanctions filed by TPT on the grounds that defendants George Jackson and Donald Foley, along with their counsel, inappropriately

filed Motions to Strike and for Sanctions.  The Court issues Reasons for Judgment on June 28, 2018 stating:

> Applying the affirmative duties imposed by CCP Art. 863 to this matter, it is clear that the Motion to Strike and For Sanctions was filed in another attempt by the attorney for defendants to have Jackson and Foley dismissed from the litigation since the previous attempts at dismissal had failed both in state court and in federal court.  It certainly is a creative attempt to dismiss Foley and Jackson, however, there are other appropriate and plausible motions that could have been filed to accomplish this goal.
>
> ***
>
> "Foley and Jackson could have conducted discovery before filing the Motion to Strike and for Sanctions but failed to do so instead of filing the Motion to Strike.  The Court finds that this Motion to Strike and for Sanctions is an unconventional attempt to obtain discovery.  The Court is inclined to sanction the defendants and their attorney for the filing of the Motion to Strike and for Sanctions. However, the Court finds that to impose sanctions at this time by granting the motion would be unjustified since the underlying motion was prudently withdrawn by Foley, Jackson and their attorney."

Having been admonished by the federal court and admonished and almost sanctioned by the state court, the defendants nonetheless continued their errant behavior by failing to produce discovery which had been sought in the case prior to it being removed.  TPT then had to file a motion to reset its Motion to Compel on September 13, 2018.  The Court granted TPT's Motion to Compel on December 12, 2018.  Costs were assessed against the defendants and they were given 60 days within the date of Judgment to comply.

The defendants failed to comply with the Court's Order mandating discovery.  On February 12, 2019 TPT filed Rules for Contempt against AZTT, Inc., AZTT, LLC, ATS, Braccio and Crowe.  True to form the defendants filed a Motion to Continue or Stay the Motion for Contempt on February 25, 2019.  Defendants' motion was denied.

A hearing was held on March 6, 2019 on the Motion for Contempt. Not being successful in their Motion for Continuance, counsel for the defendants, who until this point had been representing all defendants, made a Motion to Withdraw as Counsel for defendants Foley and Jackson; the non-contempt defendants. Defense counsel, however, still remained counsel on the record for all of the defendants against whom contempt was sought. Regardless, counsel appeared on March 6, 2019 claiming a "conflict" and stated that they could not attend the hearing. Judge Aucoin allowed them to leave but nonetheless went forward with the hearing and granted the Motion for Contempt. He issued bench warrants as to Kenneth Braccio and David Crowe. A formal Judgment on the Motions for Contempt was issued by the Court on March 22, 2019. The Court again awarded costs and further ordered Crowe and Braccio to pay $100.00/day to the registry of the Court for each day until "full and proper discovery responses as compelled by the Court were produced." The defendants continued to defy the Court's Orders and disobey the Judgment on contempt.

Accordingly, a second Rule for Contempt and Motion for Sanctions was filed on March 28, 2019. A Notice of Hearing on the Motion for Contempt and Sanctions was issued by the Clerk of Court of the 16th JDC on April 4, 2019 fixing the matter for hearing on May 1, 2019.

### 13. Second Removal

Rather than face contempt a second time, Crowe filed an as of yet unconfirmed Chapter 11 personal bankruptcy. Based upon this, and just in time to avoid the May 1, 2019 hearing in St. Mary Parish, the defendants removed Case No. 130379 for the second time to this Court on April 14, 2019 designated as Civil Action No. 19-0475. That is the same day that Mr. Crowe filed for bankruptcy in Arizona.

## LAW AND ARGUMENT

### A.  Limited Jurisdiction

It is axiomatic that the federal courts have limited subject matter jurisdiction and cannot entertain cases unless authorized by the Constitution and legislation. _Coury v. Prot_, 85 F.3d 244, 248 (5th Cir. 1996). Accordingly, there is a presumption against subject matter jurisdiction. _Id._; _See also Town of Lantana v. Hopper_, 102 F.2d 118, (5th Cir. 1939).

"The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." _Gasu v. Miles, Inc._, 980 F.2d 564, 566 (9th Cir. 1992) (quoting _St. Paul Mercury Indem. Co. v. Red Cab Co._, 303 U.S. 283, 288-90 (1938).

Further, Courts are instructed to examine their jurisdiction "at every stage of the litigation." _Enochs v. Lampasas County_, 641 F.3d 155, 161 (5th Cir. 2011) _quoting Carnegie–Mellon Univ. v. Cohill_, 484 U.S. 343, 350, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988) and _United Mine Workers v. Gibbs_, 383 U.S. 715, 727, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966) ("[T]he issue whether pendent jurisdiction has been properly assumed is one which remains open throughout the litigation."). The general rule in the Fifth Circuit is to remand state law claims when the federal claims to which they are pendent are dismissed. _See Enochs_, 641 F.3d at 161 _citing Brookshire Bros. Holding, Inc. v. Dayco Prods., Inc._, 554 F.3d 595, 602 (5th Cir. 2009) (noting that "the general rule is that a court should decline to exercise jurisdiction over remaining state-law claims when all federal-law claims are eliminated before trial") and _Beiser v. Weyler_, 284 F.3d 665, 675 (5th Cir. 2002) (noting that where "no other grounds for federal jurisdiction exist, the court must ordinarily remand the case back to state court").

This case was removed once before and remanded.  Once a case is remanded to a state court, a defendant is precluded from seeking a second removal on the same grounds.  *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F. 3d 489, 492 (5th Cir. 1996).  This matter was remanded for lack of diversity jurisdiction and for want of any federal question.  Those issues cannot be re-litigated.  Thus the only ground for removal before this Court is that one of eight defendants, David Crowe, has now sought bankruptcy protection.

## B.  Contempt Proceedings are not Removable

Defendants Crowe, Braccio, AZTT, Inc., AZTT, LLC and ATS have been found in contempt by Judge Aucoin in the 16th JDC.  Bench warrants have been issued for Crowe and Braccio.  A second hearing on contempt was set for May 1, 2019.  It is more than coincidence that Crowe has sought reorganization under Chapter 11 in bankruptcy.  Plaintiff submits that this is a clear attempt to avoid the consequences of his contemptuous acts in violating the state court Preliminary Injunction.  This cannot be condoned.

In *Judice v. Vail*, the United States Supreme Court extended the *Younger* Abstention Doctrine to state court contempt proceedings.  430 U.S. 327, 338, 97 S. Ct. 1211, 51 L. Ed. 2d 376 (1977).  The Court noted that the principles of comity and federalism informed its holding.  *Id.* at 338-39.  The Court also noted that the contempt process "lies at the core of the administration of a State's judicial system."  *Id.* at 335.  The Court further noted that interference with state court contempt proceedings "is an offense to the State's interests" and "can readily be interpreted as reflecting negatively" upon the state courts.  *Id.* at 336.  This means that federal courts should not address the merits of a state court Motion for Contempt, because to do so would transgress the very

principle of federalism the rule seeks to protect. *Asher v. A. G. Edwards & Sons*, 272 Fed. Appx. 357, 358 (5th Cir. 2008). Accordingly this Court must abstain from addressing the merits of the contempt hearings and motions in the 16th JDC and remand that part of the case to state court from which it was removed. *Asher*, at 359.

Crowe, Braccio, AZTT, Inc., AZTT, LLC and ATS have all been found guilty of violating the state court's injunction order. Under Louisiana law this is punishable as a contempt of court. La. Code of Civil P. Art. 3611. Failure to obey court orders mandating discovery is also punishable as constructive contempt of court. Accordingly, in the circumstances where a party has violated a state court order before the case has been removed, the contempt proceeding and all proceedings related to the contempt must be remanded back to state court for proper adjudication. *Asher*, *supra*; *Zeeco, Inc. v. JP Morgan Chase Bank, N.A.*, 2017 U.S. Dist. Lexis 211158; 217 W.L. 6539504 (N.D. Okla. 12/21/2017); *AMCAT Global, Inc. v. Yonaty*, 192 F. Supp. 3d 308, 313 (NDNY 2016); *Hart v. Kanady*, 2009 U.S. Dist. Lexis 107001; 2009 W.L. 3856668 (S.D. Tex. 11/17/2009).

It is interesting, but not surprising, that defendants did not seek to enforce the automatic bankruptcy stay in state court rather than attempt to remove the case. Clearly they have been on the losing end of the majority of proceedings in the 16th JDC. It appears that defendants will forum shop or go to great lengths to avoid the punishment that they have earned in St. Mary Parish. Perhaps defendants did not seek to enforce the automatic stay in state court because contempt proceedings come within the government regulatory exception to the automatic stay. 11 USC § 362(b)(4). Civil contempt proceedings are exempted from the automatic stay therefore Mr. Crowe's

filing for Chapter 11 in Arizona would have afforded him no relief in the 16th JDC. *In Re: Dingley*, 852 F. 3d 1143, 1147-48 (9th Cir. 2017).

### C. The *Rooker-Feldman* Doctrine Applies to the Preliminary Injunction in Dispute and therefore this Court Lacks Subject Matter Jurisdiction to Re-litigate that Issue

The *Rooker-Feldman* Doctrine sets forth the longstanding principle that lower federal courts lack jurisdiction to entertain collateral attacks on state court judgments. *Rooker v. Fid. Tr. Co.*, 263 U.S. 413, 44 S. Ct. 149, 68 L. Ed. 362 (1923); *DC Court of Appeals v. Feldman*, 460 U.S. 462, 103 S. Ct. 1303, 75 L. Ed. 2d 206 (1983). Application of the *Rooker-Feldman* Doctrine is limited to lawsuits "brought by state court losers complaining of injuries caused by state court judgments rendered before the federal district court proceedings commenced and inviting a federal district court to review and reject those judgments." *Exxon Mobil Corp. v. Sowdy Basic Industrial Corp.*, 544 U.S. 280, 284, 124 S. Ct. 1517, 161 L. Ed. 2d 454 (2005). Federal court authority to review a state court judgment lies exclusively with the Supreme Court of the United States. *Id.* at 292; *Hale v. Harney*, 786 F. 2d 688, 691 (5th Cir. 1986). The *Rooker-Feldman* Doctrine applies to removed suits. See, *Morris v. Wells Fargo Bank*, 677 Fed. Appx. 955, 957 (5th Cir. 2017); *Bell v. Valdez*, 207 F. 3d 657 (5th Cir. 2000); *Grouppo Formstar, LLC v. FM Forrest, Inc.*, 587 BR 891, 910-11 (S.D. Tex. 2018).

The *Rooker-Feldman* Doctrine applies even if the state court judgment at issue is on appeal and remains pending. *Hale v. Harney*, 786 F. 2d 688, 689-91 (5th Cir. 1986), reaffirmed, *Technical Automation Services Corp. v. Liberty Surplus Insurance Corp.*, 673 F 3d 399, 405 (5th Cir. 2012). Thus, the *Rooker-Feldman* Doctrine applies to the Preliminary Injunction Order, the Contempt Orders and the sanctions ordered by the 16th JDC. *Hale, supra; Grouppo*, 587 BR at 912.

The *Rooker-Feldman* Doctrine has four elements:

1) A state court loser;

2) Alleging harm caused by a state court judgment;

3) That was rendered before the federal court proceeding began; and

4) The federal suit requests review and reversal of the state court judgment

*Exxon Mobil*, 544 U.S. at 284; *Houston v. Queen*, 606 Fed. Appx 725, 730 (5th Cir. 2015). Those elements are analyzed as follows:

1)     **State court loser:** The first element is satisfied here because Crowe as well as the other defendants are clearly state court losers. There is no question that the 16th JDC issued a Preliminary Injunction against them on January 5, 2017 (**Exhibit A**) and affirmed that finding by denying defendants' Motion to Dissolve Preliminary Injunction by Judgment issued on April 2, 2018 (after defendants improperly removed this case the first time). (**Exhibit B**). The Court further ruled against them on March 2, 2018 (**Exhibit C**). Defendants Crowe, AZTT, Inc., AZTT, LLC, TIPS, ATS and Kenneth Braccio were all found guilty of contempt by Judgment issued by the Court in the 16th JDC on April 9, 2018 (**Exhibit D**); the Court entered Judgment denying defendants' Motion to Stay the Injunction pending their appeal on July 11, 2018 (**Exhibit E**); Judgment was entered on December 12, 2018 against defendants granting plaintiff's Motion to Compel and awarding expenses (**Exhibit F**); the 16th JDC entered Judgment on Motion for Contempt and Sanctions against those defendants, finding them in contempt, issuing bench warrants and assessing costs on March 22, 2019. (**Exhibit G**).

2)     **Defendants allege harm:** The second element is also satisfied because the defendants *in toto* have done everything they can to get out from underneath the state court Preliminary Injunction claiming that they have lost business, cannot enter

into contracts and have been financially harmed, culminating in Mr. Crowe asserting that he needs bankruptcy protection.  They have been assessed costs and sanctions and have failed to pay one penny to date.  Although defendants have merely removed the case at this point, there can be no doubt based upon their state court filings, arguments and attempts to avoid complying with court orders that they have evidenced the requisite harm.

3)   **State court judgments rendered before removal:**   The third element is met because the state court issued all of its  judgments prior to removal of this case on April 14, 2019.  (**Exhibits A-G).**

4)   **Request for reversal of the state court judgments:**  A federal court takes an action upon removal as it stood in the state court when removed.  All existing orders remain in effect until modified by the federal court.  *Savell v. Southern Railway Company*, 93 F. 2d 377, 379 (5th Cir. 1937)("when a case is removed the federal court takes it as though everything done in the state court had in fact been done in the federal court").  The longstanding principle is that "after removal, the federal court takes the case up where the State Court left it off".  *Granny Goose Foods, Inc. v. Brotherhood of Teamsters Local 70*, 415 U.S. 423, 436, 94 S. Ct. 1113, 39 L. Ed. 2d 435 (1974).  All injunctions, orders and other proceedings that took place in state court prior to removal remain in full force and effect until further action by the district court.  28 USC § 1450.  Taking the pleadings as filed in the 16th JDC and the Louisiana First Circuit Court of Appeals, it is clear that the defendants are seeking relief from the state court orders.  They have requested review of the orders and reversal of them both at the trial court and appellate court levels.  Taking those pleadings as filed in state court now as requests for relief in federal court, the fourth element has been met.

Because all four elements of the *Rooker-Feldman* Doctrine are satisfied, this Court would not have the power to set aside the preliminary injunction, the compel order, or the contempt orders. Reduced to its essence, the *Rooker-Feldman* Doctrine holds that the lower federal courts do not have the power to modify or reverse state court judgments. *Union Planters Bank National Assoc. v. Salih*, 369 F. 3d 457, 462 (5th Cir. 2004). This Court therefore lacks jurisdiction to entertain collateral attacks on state court judgments and must remand that part of the case as well as the contempt proceedings.

### D, Mandatory Abstention

28 USC § 1334 provides for both mandatory and discretionary abstention in the face of a case which is removed to federal court but which remains founded in state law.

Mandatory abstention is required as follows:

> Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under Title 11 but not arising under Title 11 or arising in a case under Title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

28 USC § 1334(c)(2). Mandatory abstention is required in cases involving state law claims for which the sole basis of bankruptcy jurisdiction is "related to" jurisdiction, even for cases which have been removed to a federal court. *In Re: Southmark Corp.*, 163 F. 3d 925, 929 (5th Cir. 1999); *Thomas v. RJ Reynolds Tobacco Company*, 259 BR 571, 575 (S.D. Miss. 2001); *Broyles v. US Gypsum Company*, 266 BR 778, 782 (E.D. Tex. 2001). Mandatory abstention applies to non-core proceedings "related to a case under Title 11", but not "arising under Title 11".

The courts have summarized the following conditions to be met to invoke mandatory abstention:

1) A motion has been timely filed requesting abstention;

2) The cause of action is essentially one that is premised on state law;

3) The proceeding is non-core or related to the bankruptcy case;

4) The proceeding could not otherwise have been commenced in federal court absent the existence of the bankruptcy case; and

5) The proceeding has already been commenced and can be timely adjudicated in a state court forum.

*Thomas*, 259 BR at 576; *Broyles*, 266 BR at 782-83.  Taking these conditions in turn:

1. It is undisputed that plaintiff's Motion has been timely filed.

2. It is also undisputed that the causes of action between plaintiffs and the defendants are all premised upon state law.  Those first two factors favor abstention.

3. The question then becomes whether or not the proceeding is "non-core".  The defendants allege in their Petition for Removal that the claims involving TPT against Crowe involve a "core proceeding".  Their basis for removal was solely under the placement of Crowe in bankruptcy pursuant to 28 USC § 1334(b) and §1452.  The Fifth Circuit has held that a proceeding is "core" if it invokes "a substantive right provided by Title 11 or if it is a proceeding that, by its nature, could *arise only* in the context of a bankruptcy case." *In Re: Wood*, 825 F. 2d 90, 97 (5th Cir. 1987)(emphasis added); See also, *In Re: OCA, Inc.*, 551 F. 3d 359, 367, (5th Cir. 2008). "If the proceeding does not invoke a substantive right created by the federal bankruptcy law and is one that could exist outside of bankruptcy, it is not a core proceeding; it may be *related* to the bankruptcy because of its potential effect, but under § 157(c)(1) it is an 'otherwise related' or non-core proceeding." *Wood*, 825 F. 2d at 97 (emphasis in original).  None of

TPT's claims arose under Title 11. They were all filed and being litigated pre-bankruptcy Petition. They are not "core" claims.

Since the U.S. Supreme Court's decision in *Northern Pipeline Construction Company v. Marathon Pipeline Company*, 458 U.S. 50, 102 S. Ct. 2858, 73 L. Ed. 2d 598 (1982), courts have also treated state law claims for pre-bankruptcy petition breaches of contract as "non-core matters". *WRT Creditors Liquidation Trust v. CIBC Oppenheimer Corp.*, 75 F. Supp. 2d 596, 609-611 (S.D. Tex. 1999); *Broyles v. U.S. Gypsum Company*, 266 BR 778, 783 (E.D. Tex. 2001). Where all of a case's alleged conduct and breaches of contract occurred pre-petition, the case is "non-core" to the bankruptcy proceeding. *Broyles*, *supra*. TPT has alleged breach of contract claims against various defendants which pre-date the bankruptcy Petition. As such those are "non-core" claims. It makes no difference whether or not TPT is ultimately successful in its claim for breach of contract against the defendants; that claim is not subject to any preference and would only impact the bankruptcy proceeding if judgment was rendered to TPT *and* there were any assets left in the bankruptcy estate, all of which are speculative at this point. Therefore, TPT's claims, while "relating to" the bankruptcy proceeding, do not invoke any substantive right created by the federal bankruptcy law and exists only outside of the bankruptcy.

4. The claims between TPT and the defendants have been litigated between the parties since November 4, 2016. The defendants attempted to remove the case once before (Civil Action 17-0801). That failed and the case was remanded back to the 16th JDC. Three other collateral attacks have been stayed or closed. The case has since proceeded in state court with matters taken up to the Louisiana First Circuit Court of Appeals along with extensive hearings regarding the Court's Preliminary Injunction

Order and contempt orders.  The claims of TPT are founded solely in Louisiana state law.  They implicate no federal claim or question as found by Judge Whitehurst and affirmed by Judge Drell in No. 17-0801.  Accordingly, absent Crowe's filing in bankruptcy, this action could not have been brought in federal court.  Thus, the fourth factor in the mandatory abstention analysis has been satisfied.

5.  It is clear that this case was commenced in state court and was on its way to being timely adjudicated but for the removals by defendants.  Federal courts are to presume that state courts "operate efficiently and effectively." _Younger_, 401 U.S. at 44.  The burden of proof as to timely "adjudication" is on the party seeking removal. _Parmalat Capital Finance, Ltd. v. Bank of America Corp_, 639 F. 3d 572, 582 (2d Cir. 2011).  Defendants cannot overcome the presumption or meet their burden.

The factors requiring a mandatory abstention under § 1334(c)(2) have been met.

### E.  Discretionary Abstention and Equitable Remand

Discretionary abstention in bankruptcy proceedings is provided for as follow:

> Nothing in this section prevents a District Court in the interest of justice, or in the interest of comity with State court or respect for State law, from abstaining from hearing a particular proceeding arising under Title 11, or arising in or related to cases under Title 11.

28 USC § 1334(c)(1).  Under the discretionary or permissive abstention doctrine, courts have broad discretion to abstain from hearing state law claims whenever appropriate in the interest of justice, or in the interest of comity with State courts or respect for State law. _In Re: Gober_, 100 F. 3d 1195, 1206 (5th Cir. 1996); _In Re: Wood_, 825 F. 2d 90, 93 (5th Cir. 1987).  This Court may abstain at its discretion from deciding both core and non-core proceedings if the interests of justice so require. _Id._

Similarly this Court may "equitably" remand claims related to bankruptcy cases:

> The court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground.

28 USC § 1452(b). Therefore, a federal district court may find that remand is appropriate in a case removed on bankruptcy grounds whether it is "core" or "non-core" if there is any equitable ground for doing so. *In Re: Southmark Corp.*, 163 F. 3d at 929; *Broyles*, 266 BR at 785.

Because the discretionary abstention and equitable remand doctrines are similar, there is an overlap between the two regarding factors for a court to consider. These include:

1) The effect or lack thereof on the efficient administration of the estate if the Court recommends (remand or) abstention;

2) Extent to which state law issues predominate over bankruptcy issues;

3) Difficult or unsettled nature of applicable law;

4) Presence of related proceeding commenced in state court or other non-bankruptcy proceeding;

5) Jurisdictional basis, if any, other than § 1334;

6) Degree of relatedness or remoteness of proceeding to main bankruptcy case;

7) The substance rather than the form of any asserted core proceeding;

8) The feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court;

9) The burden of the bankruptcy court's docket'

10) The likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties;

11) The existence of a right to a jury trial;

12) The presence in the proceeding of non-debtor parties;

13) Comity;

14) The possibility of prejudice to other parties in the action.

A synopsis of the non-exclusive factors shows abstention and remand are favored:

1.    **No adverse effect:**   No adverse effect would occur to the efficient administration of the bankruptcy estate if this Court abstains or remands. TPT is not a preferred creditor.   If Crowe has any money left in the estate after preference of distributions, then and only then would there be a possible effect on that estate with regard to plaintiffs' claims. As unsecured creditors TPT would fall to the bottom of any potential claimants.   It appears that any recovery would be remote and would only have a remote effect on the estate, if any.   The state law claims between Plaintiff and the Defendants can be severed easily.   If plaintiff recovers against Crowe in the state court suit, any judgment to be collected would have to be subject to the jurisdiction and the rulings of the bankruptcy court and could be handled easily at that time.   Additionally, handling all of plaintiff's complex claims against the non-debtor defendants will not make the bankruptcy case more efficient.   It would have the opposite effect.   This favors abstention and remand.

2.    **State Law Predominates:**   The state court suit in the 16th JDC is entirely grounded in and upon state law.   No cause of action arises under the bankruptcy code or any other federal law.   Plaintiff's causes of action arise solely under Louisiana law.   Thus, state law issues plainly predominate in this case and the specific expertise of the bankruptcy court is not needed to resolve that dispute.   This favors abstention and remand.

3.   **Issues of State Law Better Addressed by a State Court**: TPT submits that many of the legal issues in its Petition are complex involving deceptive trade practices, unfair trade practices and/or theft of trade secrets. The state court case will involve a complex, extensive and, in all likelihood, a disputed factual record. The state court is best suited to apply its knowledge and expertise of the state legal standards in such circumstances. This favors abstention and remand.

4.   **The Presence of Related Proceeding in State Court**: This factor weighs heavily in favor of abstention and remand. This case has been extensively litigated in state court and the Preliminary Injunction and Contempt Orders must be remanded to state court. If this court keeps the case in the bankruptcy court system, there will be two proceedings with the same facts and claims being heard simultaneously. This is the antithesis of inefficiency.

5.   **No Independent Basis of Federal Jurisdiction:** No question of federal law has been raised or sued upon by TPT. Diversity jurisdiction is lacking. There is thus no independent basis for federal jurisdiction other than 28 USC § 1334(b).

6.   **The Degree of Relatedness or Remoteness of the Proceeding to the Main Bankruptcy Case:** The only potential link to the main bankruptcy proceeding is the possibility that there could be a judgment against Mr. Crowe in the pending state court litigation. TPT is not a preferred creditor. It is a general creditor and would be last on the list of recovering any monies against the bankrupt estate. Therefore, while the state based litigation is related to the pending bankruptcy case, it remains somewhat remote. This factor is neutral at best and favors abstention and remand at the least.

7. **Substance Rather than Form of Asserted "Core" Proceeding**: TPT submits that Crowe has filed this bankruptcy in attempt to avoid the state court litigation, pay sanctions, costs and fees in connection with violations of the state court Preliminary Injunction and from being found in contempt. The state court litigation was filed years before the bankruptcy filing. The preferred creditors in the bankruptcy petition are all financial institutions with liens against debtor's property and/or business partners with preferences on business loans. TPT is not involved with that whatsoever. Plaintiff therefore maintains that this is not a "core" proceeding but is only related to the bankruptcy such that the assertion by Crowe that the matter is "a core proceeding" is more form than substance. This factor weighs in favor of abstention and remand.

8. **State Court Claims:** Even though this Honorable Court may have knowledge of Louisiana law, it is respectfully submitted that the state court is thoroughly familiar with the claims between Plaintiff and Defendants, has addressed numerous procedural issues, issued an injunction and was about to discuss further discovery issues and thus is better positioned to address the matters at hand. These claims should be adjudicated in the 16th JDC.

9. **Burden on Federal Court's Docket**: Again, the state court is intimately familiar with this case and for considerations of judicial economy, should continue to handle the case, rather than start the learning curve all over again for this Court. This is a major piece of litigation with motivated parties and numerous claims. The factual record will be extensive. This will burden the court's already heavy docket. This factor favors abstention and remand.

10.   **Forum Shopping**:  TPT claims that Crowe and/or the other defendants are attempting to evade state court Orders and thus are "forum shopping" in that regard.  Defendants have already improperly attempted to remove this case once.  Their counsel attempted to force the District Court into action by threats and intimidation.  The defendants also unsuccessfully moved to reassign this case by motion filed just after removal.  All of this smacks of forum shopping and favors abstention and remand to state court.

11.   **Jury Trial:**  Both plaintiffs and defendants have asked for a jury trial in the 16th JDC.  That is where one would be best accomplished.

12.   **Whether Non-Debtor Parties are Involved**:  Seven of the eight defendants are non-debtors.  The vast majority of claims alleged by plaintiff are asserted against those defendants.  If Crowe successfully defends the personal claims against him in state court, then there will be no impact on the bankrupt estate.  This factor weighs in favor of abstention and remand.

13.   **Comity**:  This factor favors extending "the courtesy to the state court of interpreting its own laws." *Patterson v. Morris*, 337 BR 82, 99 (E.D. La. 2006).  There is no indication that upon remand state court will be unable to resolve plaintiffs' claims on a timely basis.  As such, equitable remand is appropriate.  E.g., *Oakwood Shopping Center, Ltd. v. Villa Enterprises of Midwest, Inc.*, 2011 U.S. Lexis 86337; 2011 W.L. 3350402 (E.D. La. 2011);  *Patterson*, *supra*; *Landry v. Exxon Pipeline Company*, 260 BR 769 (M.D. La. 2001).

14.   **No Prejudice to Other Parties**:  By proceeding in state court as the parties have done from the beginning, there clearly is no prejudice to be found.  The state court has made carefully considered and impartial rulings every step of the way.

Even though co-defendant Kenneth Braccio is listed as a creditor in the Crowe bankruptcy, Braccio is a business partner and has a preferred position among all other unsecured creditors like TPT. Therefore, even if TPT were to obtain judgment against David Crowe personally, any claim by Mr. Braccio would prime that judgment. No prejudice can be shown. This favors abstention and remand.

Analysis of the foregoing factors tips heavily in favor of abstention. The state law nature of the claims predominates and several of the claims will remain in state court regardless of the bankruptcy given that they involve state court orders and contempt rulings. Based on all of the applicable considerations, this Court should abstain and send this matter back to state court.

### F.  Crowe is in Bad Faith

It should also be noted that the Court may lift the automatic bankruptcy stay "for cause" pursuant to 11 USC § 362(d)(1). Under 11 USC § 1112(b) a court may dismiss a Chapter 11 Petition "for cause". Neither of those provisions define "cause", so "courts must determine whether discretionary relief is appropriate on a case by case basis." _In Re:  Laguna Associates_, 30 F. 3d 734, 737 (6th Cir. 1994).

Plaintiff is not asking this Court to usurp the position of the United States Bankruptcy Court in Arizona. Plaintiff is requesting that this Court look at the equities of the situation because this claim has been removed as being related to a bankruptcy claim pursuant to 28 USC § 1452. As part of the consideration "or any equitable ground" for remand, plaintiff submits that this Court has the ability to perform a meaningful evaluation of a debtor's good faith.

There is no single test for whether or not a debtor is in bad faith, however, the court in _Laguna_ set forth guidelines and found the following factors meaningful:

1) The debtor has one asset;

2) The pre-Petition conduct of the debtor has been improper;

3) There are only a few unsecured creditors;

4) The debtor's property has been posted for foreclosure, and the debtor has been unsuccessful in defending against the foreclosure in state court;

5) The debtor and one creditor had proceeded to a standstill in state court litigation, and the debtor has lost or has been required to post a bond which it cannot afford;

6) The filing of the Petition effectively allows the debtor to evade court orders;

7) The debtor has no ongoing business or employees; and

8) The lack of possibility of reorganization.

30 F. 3d at 738 (citations and internal quotations omitted). Also the Court acknowledged what the Fifth Circuit called the "new debtor syndrome" in which "a one asset entity has been created or revitalized on the eve of foreclosure to isolate the insolvent property and its creditors." _Id._ These factors are not exclusive and are analyzed as follows:

1.   In this case Mr. Crowe and his wife are individual debtors. None of their corporate entities have sought bankruptcy. Thus the "one asset" debtor factor does not apply.

2.   The second factor is met because the pre-Petition conduct of Mr. Crowe has been improper. The state court has issued judgments finding that Mr. Crowe, among others, has violated the court's Preliminary Injunction Order and has been held in contempt of court. Crowe has not paid one cent of the sanctions or costs assessed by the 16th JDC for his sanctionable and contemptable conduct.

32

This calls into question whether or not the bankruptcy filed in Arizona was in good faith.

3.     The third *Laguna* factor has been met because there are only a few unsecured creditors.

4.     The fourth factor involving foreclosure is applicable by analogy.  It could be stated that Mr. Crowe was unsuccessful in attempting to avoid the preliminary injunction issued by Judge Aucoin in the 16th JDC and therefore was unsuccessful in defending his business against that injunction in state court.

5.     The fifth *Laguna* factor is met because the parties have litigated in state court extensively and Mr. Crowe has lost at every meaningful turn and has been required to pay sanctions and/or contempt costs and attorney's fees which he now states he cannot afford.

6.     Number 6 of the factors is met because the filing of the bankruptcy petition effectively allows Mr. Crowe to evade court orders.

7.     Regarding Number 7, Mr. Crowe has claimed in the state court suit that the Preliminary Injunction has prohibited him from doing business and that he has lost contracts because of that.

8.     The eighth factor, the lack of possibility of reorganization, is neutral at this point as such a determination has not yet been made.

The *Laguna* factors weigh heavily in support of finding Mr. Crowe in bad faith making it a very real possibility that the bankruptcy court could dismiss this matter outright, and therefore remove the purported basis for removal jurisdiction.  This favors equitable remand.  The state court should be allowed to finish its business with the defendants without further interruption.  If a money judgment is ultimately obtained,

then the bankruptcy stay can be put in place as to Crowe individually and the judgment will not be collectible until the bankruptcy court decides one way or the other, if the Petition for Chapter 11 has not been dismissed prior thereto.

## CONCLUSION

This Court is well positioned to rule on whether or not remand or abstention is appropriate and should do so prior to addressing any other matter.  It would serve judicial economy and conserve resources for this Court to rule on the Motion for Abstention and/or Remand prior to this case proceeding any further.  There is no jurisdiction over the claims of the plaintiffs separate and apart from the removal based upon bankruptcy jurisdiction.  State law claims predominate.  The state court has been wrangling with this matter for over three years on the way to a trial by jury.  This Court does not have jurisdiction over the state court injunction or contempt orders.  Under any set of factors, it is clear that this Court should abstain and this case should be remanded to state court.

Respectfully submitted:

THE PANAGIOTIS FIRM

*s/D.C. Panagiotis*
_____

D.C. PANAGIOTIS (#15032)
1540 W. Pinhook Rd.
Lafayette, LA 70503
(337) 264-1516
**Counsel for Turbine Powered Technology, LLC**

34

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 14th day of May, 2019, a copy of the foregoing was filed electronically with the Clerk of court using the CM/ECF system.

*S/DCP*

_____

D.C. Panagiotis